[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter appealed a decree of the probate Court for the District of Southbury entered in the matter of Dawne Addario who died following an auto accident June 3, 2000. On June 14, 2000 the court issued its decree admitting for probate the will of the decedent Dawne Addario and naming as executor Aldo Addario, Jr. pursuant to the will. The plaintiffs as parents of the decedent claim that Aldo Addario, Jr. had, prior to the execution of the decedent's will by virtue of entering into a legal separation agreement which became a stipulated judgment of the Superior Court for the Judicial District of Ansonia/Milford (Exhibit A as attached to the complaint), waived and relinquished any claim he might have against the estate of his spouse Dawne Addaria. The provisions as regards the release referred to were set out in Article IX of the separation agreement which was approved by the presiding judge and incorporated as part of the judgment.
Subsequent to the entry of the judgment of legal separation between the Addarios, Dawne Addario had prepared and executed a document entitled "last will and testament of Dawne Addario." (Exhibit B as attached to the complaint.) This occurred on October 28, 1999. The will, making specific mention of the existence of the legal separation in Article Third, for reasons unknown to the court, bequeathed all of the testator's estate, real and personal, to Aldo Addario, Jr. and in Article Fourth named Addario as the executor of her estate. While the appellants originally claimed that the testator's signature on the will did not appear to be the same as the signature on the separation agreement, such claim was abandoned at the time of the hearing on the appeal. The will has not been claimed by the appellants as being defective or in any way improperly executed by the testator.
The claim advanced by the appellants is that the Probate Court improperly issued a Certificate of Devise to Aldo Addario, Jr. as the separation agreement as previously noted provided that Addario relinquish any future claims of any kind against Dawne Addario and further, that CT Page 11525 this waiver of any claims supercedes the provisions in the will of Dawne Addario which has executed subsequent to the judgment of legal separation. It is the claim of the appellants that the judgment of the court and the terms contained therein preclude Aldo Addario, Jr. from receiving anything from Dawn Addario and further that the will of Dawne shall be set aside as it relates to Aldo Addario, Jr. and the estate should be distributed pursuant to the statutes pertaining to an intestate estate.
The defendant/appellees maintain that the execution of the decedent's will indicated a desire on the part of Dawne Addario to leave her estate to her husband and that such an act subsequent to the entry of the separation agreement should be given effect by the court. As pointed out by the appellee in his brief there is no provision in the judgment of legal separation which precluded either of the parties from executing a will thereafter.
The court agrees that nothing presented to the court prohibited the testatrix from the execution of a will distributing her estate to whomever she chose. For whatever reason in this instance she chose to give her entire estate to her husband from whom she was legally separated. While any claim prosecuted by Aldo Addario, Jr. against Dawne Addario as a surviving spouse might successfully be defended by the terms of the separation agreement it seems incongruous and contrary to logic to prohibit the free act of Dawne Addario from giving her estate to anyone she chose including Aldo Addario, Jr.
The appeal is dismissed.
 George W. Ripley II Judge Trial Referee
CT Page 11526